1 | LAW OFFICES OF BARAK BERLIN
2 | BARAK J. BERLIN (CASB No. 216115)
  | Email: Barak@BerlinLawGroup.com
3 | 27349 Jefferson Ave, Ste 208
  | Temecula, CA 92590
4 | Telephone: (951) 296-6188
  | Facsimile: (951) 296-6187

5 | LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
  | CRAIG B. FRIEDBERG (CASB No. 127303)
6 | Email: attcbf@cox.net
  | 4760 South Pecos Road, Ste 103
7 | Las Vegas, NV 89121
  | Telephone: (702) 435-7968
8 | Facsimile: (702) 946-0887

9 | Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMA JEAN HAGMANN, | CASE NO. 5:16-CV-01492 |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, FAIR DEBT BUYING PRACTICES ACT, AND UNFAIR BUSINESS PRACTICES ACT |
| vs. | |
| ASSET RECOVERY ASSOCIATES, INC., BRUCE COHEN, individually and as President of Asset Recovery Associates, Inc., MARIO BIANCHI, individually and as Secretary of Asset Recovery Associates, and DOES 1-10, Inclusive, | JURY TRIAL DEMANDED |
| Defendants. | |

COMES NOW the Plaintiff, IMA JEAN HAGMANN ("Plaintiff"), by way of Complaint against the Defendant, says:

///

///

///

## I. PRELIMINARY STATEMENT

1. Ima Jean Hagmann ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Asset Recovery Associates, Inc., Bruce Cohen and Mario Bianchi ("Defendants"), with regards to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"), Fair Debt Buying Practices Act, Cal. Civ. Code §§1788.50-1788.64, and California's Unfair Business Practices Act, Business and Professions Act §17200 et. seq.

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

### III. PARTIES

10. Plaintiff Ima Jean Hagmann is a natural person who resides in the City of Sun City, County of Riverside, State of California.

11. At all times relevant to this Complaint, Plaintiff was over the age of 65 and therefore a senior citizen as that term is defined in California Civil Code Section 1761(f).

12. At all times relevant to this Complaint, Asset Recovery Associates, Inc. ("ARA") was an Illinois Corporation with an address of PO Box 5002, Villa Park, Illinois 60181. On information and belief, their principal place of business is 1919 S. Highland Avenue, Suite 225-A, Lombard, Illinois 60148. There were no results on the California Secretary of State Business Search website for Asset Recovery Associates.

13. Defendant Bruce Cohen ("COHEN") is an individual and President of ARA engaged in the business of collecting debts in this state with his principal place of business located at 1919 S. Highland Avenue, Suite 225-A, Lombard, Illinois 60148.

14. Defendant Mario Bianchi ("BIANCHI") is an individual and Secretary of ARA engaged in the business of collecting debts in this state with his principal place of business located at 1919 S. Highland Avenue, Suite 225-A, Lombard, Illinois 60148.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Defendants are comprised of persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the

collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

20. Defendant ARA is an entity that is regularly engaged in the business of purchasing charged-off consumer debt for collection purposes and is therefore a debt buyer as that term is defined by Cal. Civ. Code §1788.50.

21. Plaintiff is informed and believes, and based on said information and belief alleges, that Defendant ARA purchased this debt after January 1, 2014.

22. Plaintiff is informed and believes, and based on said information and belief alleges, that at all relevant times mentioned herein, each defendant was the owner, partner, shareholder, manager, officer, director, agent, servant, employee, joint venturer, predecessor-in-interest, successor-in-interest, co-conspirator, alter ego or a partner of the other, and in doing the things alleged, was acting in the course and scope of said agency, employment, joint venture or other relationship. Each defendant has authorized, ratified and imposed the acts of the remaining defendants and each defendant ratified, entrusted, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and each of them, as set forth below, and/or retained the benefits of said negligent and/or wrongful acts, and is in some way liable or responsible to the Plaintiff on the facts hereinafter

alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

## IV. FACTUAL ALLEGATIONS

23. Plaintiff repeats, re-alleges, and incorporates by reference, all previous paragraphs.

24. Sometime before July 10, 2015, Plaintiff is alleged to have incurred certain financial obligations with Bank of America, N.A. (hereinafter "BANA account").

25. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Sometime thereafter, but before January 1, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged past due BANA account. Plaintiff currently takes no position as to the validity of this alleged past due BANA account.

28. Plaintiff is informed and believes, and based on said information and belief alleges, that sometime thereafter, but before July 10, 2015, the alleged past due BANA account was assigned, placed, sold, or otherwise transferred, to Defendant ARA for collection.

29. The collectors at ARA were employees and agents of the Defendants ARA, COHEN, BIANCHI, and other management at ARA. The collectors at ARA were acting within the course and scope of their employment at all times relevant to this matter.

30. The collectors at ARA were under the direct supervision and control of Defendants COHEN, BIANCHI, and other management at ARA at all times relevant to this matter.

31. The actions of the collectors at ARA are imputed to their employers, Defendants ARA, COHEN, BIANCHI, and other management at ARA.

32. On July 10, 2015, Defendant ARA, by and through their Collection Manager, Denise Stone, contacted Plaintiff demanding she pay the past due balance on the BANA account. Denise Stone told Plaintiff that ARA would obtain a judgment against Plaintiff if a settlement could not be reached, causing Plaintiff to agree to a settlement of Three Thousand Five Hundred Ninety Eight Dollars and Sixty Two Cents ($3,598.62).

33. On July 10, 2015, Defendants sent Plaintiff a letter memorializing their conversation. This was the first letter Plaintiff received from Defendants. This letter did not include the notice required by California Civil Code Sections 1788.50 and 1788.52.

34. On or about July 15, 2015, Defendants sent Plaintiff another letter informing Plaintiff that Defendants recently obtained and is now the legal owner of Plaintiff's BANA Account.

35. This letter did not include the notice required by California Civil Code Sections 1788.50 and 1788.52.

36. Plaintiff did not know that she could not be sued for this account.

37. Plaintiff made a payment by phone for $3,598.62 to Asset Recovery Associates, Inc.

38. Defendants regularly attempt to collect credit card bills.

39. The statute of limitations on a credit card debt in California is four years.

40. Defendants regularly attempt to collect time-barred consumer debts.

41. Plaintiff is informed and believes, and based on said information and belief alleges, Defendants knew that Plaintiff was over the age of 65.

42. <u>Exhibit A</u>, attached to the complaint, is a form letter demanding payment, dated July 15, 2015, which is regularly used by Defendants in order to collect time-barred consumer debts.

43. <u>Exhibit A</u> fails to disclose that the alleged past due BANA account was time-barred or not legally enforceable.

44. <u>Exhibit A</u> fails to disclose that the alleged past due BANA account will not be reported to the credit reporting agencies.

45. <u>Exhibit A</u> fails to disclose that it is from a debt collector.

46. <u>Exhibit A</u> fails to disclose the true name of the debt collector's business.

47. Defendants have a policy and practice to send letters (including those in the form of Exhibit A, and others), that seek to collect time-barred debts, which does not disclose that the debt is time-barred.

48. Defendants have a policy and practice to send letters (including those in the form of Exhibit A, and others), that seek to collect time-barred debts, which do not disclose that they will not report the debt to the credit reporting agencies.

49. The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." [www.ftc.gov/opa/2012/01/asset.shtm.]

50. The FTC issued a report in 2003, entitled "The Structure and Practices of the Debt Buying Industry." [http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. ("*Structure & Practices*").] Reaffirming actions taken previously relating to collection of time-barred debts, the FTC reiterated that a

collector may violate the FDCPA by demanding payment of a time barred debt without disclosing that the debt was time barred.

51. *Structure & Practices* refers to a study that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer. [Goldsmith & Martin, "Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time Barred Debts," 64 Consumer Fin. L.Q. Rep. 372 (2010).]

52. Defendants knew or should have known that its conduct was directed to a senior citizen.

53. Defendants' illegal acts caused Plaintiff to suffer substantial loss of property set aside for personal care.

54. Plaintiff actually suffered substantial economic damage resulting from Defendants' conduct.

55. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful, unfair, or fraudulent business acts or practices.

## V. CAUSES OF ACTION

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

56. Plaintiff repeats, re-alleges, and incorporates by reference, all previous paragraphs.

57. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(8), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f.

58. 15 U.S.C. §1692e provides that

a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Without limiting the general application of the foregoing, the following conduct is a violation of this section....

    (2)    The false representation of –

        (A)    the character, amount, or legal status of any debt....

    (5)    The threat to take any action that cannot legally be taken or that is not intended to be taken

    (8)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false…

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

59. 15 U.S.C. §1692f provides that

a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

60. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); treble damages, pursuant to California Code Section 3345 A(i), A(ii), and A(iii); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**COUNT II**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**(ROSENTHAL ACT)**
**CAL.CIV.CODE §§ 1788-1788.32**

61. Plaintiff repeats, re-alleges, and incorporates by reference, all previous paragraphs.

62. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

63. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); treble damages, pursuant to California Code Section 3345 A(i), A(ii), and A(iii); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

**COUNT III**
**FAIR DEBT BUYING PRACTICES ACT**
**CAL.CIV.CODE §§ 1788.50-1788.64**

64. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

65. The foregoing acts and omissions constitute numerous and multiple violations of the Fair Debt Buying Practices Act, including but not limited to each and every one of the above-cited provisions of the Fair Debt Buying Practices Act, Cal. Civ. Code §§ 1788.50-1788.64.

66. As a result of each and every violation of the Fair Debt Buying Practices Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.62(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.62(b); treble damages, pursuant to California Code Section 3345 A(i), A(ii), and A(iii}; and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.62(c)(1) from Defendants.

**COUNT IV**
**UNFAIR COMPETITION LAW VIOLATIONS**
**CAL. BUS. & PROF. CODE §17200 et. seq.**

67. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

68. Cal. Bus. & Prof. Code § 17200, et seq. (the "UCL") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury

in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of herself or herself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

69. Since at least the last four years, and continuing to the present, Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by violating the FDCPA, Rosenthal Act, and the Fair Debt Buying Practices Act.

70. As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received, and continue to hold, unlawfully obtained property and money belonging to Plaintiff in the form of payments made for alleged debts, by Plaintiff. Defendants have profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

71. Plaintiff is entitled to restitution pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17208 for all monies paid to Defendants. Defendants should be required to disgorge all the profits and gains they have reaped and restore such profits and gains to Plaintiff, from whom they were unlawfully taken.

72. Plaintiff is entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202.

73. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure § 1021.5.

# COUNT V
# UNFAIR COMPETITION LAW VIOLATIONS
# INJUNCTIVE RELIEF
# CAL. BUS. & PROF. CODE §17200 et. seq.

74. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

75. Cal. Bus. & Prof. Code § 17535 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of herself or herself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

76. Since at least four years prior to the filing of this Complaint, and continuing to the present, Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by violating the FDCPA, Rosenthal Act, and the Fair Debt Buying Practices Act.

77. As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold unlawfully obtained property and money belonging to Plaintiff in the form of payments by Plaintiff for alleged debts. Defendants have profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

78. Plaintiff is entitled to injunctive relief and/or restitution pursuant to Cal. Bus. & Prof. Code § 17535 for all monies paid. Defendants should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff, from whom they were unlawfully taken.

79. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself. Plaintiff's success in this action will enforce important rights affecting the public interest.

Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to California Code of Civil Procedure § 1021.5.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor against all Defendants as follows:

A. **For the FIRST CAUSE OF ACTION**:
- (i) An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), including emotional distress.
- (ii) An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- (iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3);
- (iv) Treble damages of all amounts awarded pursuant to A(i), A(ii), and A(iii), supra, pursuant to California Code Section 3345; and
- (v) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:
- (i) An award of actual damages pursuant to Cal. Civil Code §1788.30(a), including emotional distress;
- (ii) An award of the maximum statutory damages for Plaintiffs pursuant to Cal. Civil Code §1788.30(b);
- (iii) Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil Code §1788.30(c);
- (iv) Treble damages of all amounts awarded pursuant to A(i), A(ii), and A(iii), supra, pursuant to California Code Section 3345; and
- (v) For such other and further relief as may be just and proper.

C. **For the THIRD CAUSE OF ACTION**:
- (i) An award of actual damages pursuant to Cal. Civil Code

1  §1788.62(a)(1), including emotional distress;
2  (ii)  An award of the maximum statutory damages for Plaintiffs pursuant
3  to Cal. Civil Code §1788.62(a)(2);
4  (iii)  Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil
5  Code §1788.62(c)(1);
6  (iv)  Treble damages of all amounts awarded pursuant to A(i), A(ii), and
7  A(iii), supra, pursuant to California Code Section 3345; and
8  (v)  For such other and further relief as may be just and proper.
9  D.  **For the FOURTH CAUSE OF ACTION**:
10  (i)  An award of restitution pursuant to Cal. Bus. and Prof. Code §§17203
11  and 17535;
12  (ii)  Attorney's fees, litigation expenses, and costs pursuant to California
13  Code of Civil Procedure § 1021.5; and
14  (iii)  For such other and further relief as may be just and proper.
15  E.  **For the FIFTH CAUSE OF ACTION**:
16  (i)  An injunction pursuant to Cal. Bus. and Prof. Code §17203;
17  (ii)  Attorney's fees, litigation expenses, and costs pursuant to California
18  Code of Civil Procedure § 1021.5; and
19  (iii)  For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Ima Jean Hagmann, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

///
///
///
///
///

DATED: July 8, 2016     **LAW OFFICES OF BARAK BERLIN**

/s/ *Barak Berlin*
BARAK J. BERLIN
  -and-
CRAIG B. FRIEDBERG
Law Offices of Craig B Friedberg, Esq.
*Attorneys for Plaintiff Ima Jean Hagmann*